IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY DRINNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-819-C |
| ) | |
| DRINNON CONSTRUCTION, LLC, ) | |
| a Delaware limited liability company, ) | |
| f/k/a Drinnon Construction, Inc., ) | |
| an Oklahoma corporation, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This lawsuit arises out of a Stock Purchase Agreement that was executed on December 3, 2013. Plaintiff, as sole owner of the Oklahoma corporation Drinnon Construction, Inc., sold all of his outstanding shares of stock to KAG Holdings, LLC ("KAG"), a Delaware limited liability company. On March 13, 2014, Drinnon Construction Inc., merged into Defendant Drinnon Construction, LLC ("Drinnon"), and became a Delaware limited liability company. On June 30, 2014, Plaintiff commenced this action in Beckham County District Court. On August 4, 2014, Defendant removed the case to this Court on the basis that this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff filed a timely Motion to Remand (Dkt. No. 18) and argues that the filing of the Notice of Removal was unauthorized and untimely. Plaintiff also states in a footnote that diversity of the parties is unclear because Defendant has not identified KAG's members or the citizenship of the members. (Id. at 12, n.8).

The Court has a duty to determine whether jurisdiction is lacking, even if the parties do not sufficiently raise the issue. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." When a federal court exercises subject-matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a) requires complete diversity. "No plaintiff can be a citizen of the same state as any defendant." Salt Lake Tribune Publ'g Co., LLC v. AT&T Corp., 320 F.3d 1081 (10th Cir. 2003) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978)). Defendant bears the burden of establishing that the requirements of 28 U.S.C. § 1332(a) are satisfied. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). The Tenth Circuit has not specifically ruled on the proper method of determining citizenship of a limited liability company. However, every other circuit court and this Court have held that "[t]he citizenship of a limited liability company depends upon the citizenship of its members." Chart Energy & Chems., Inc. v. OGE Energy Corp., No. CIV-12-1240-M, 2013 WL 2153592, at *1 (W.D. Okla. May 17, 2013) (citing Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Gen. Tech. Applications, Inc., v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29 (8th Cir. 2004); Rolling Greens MHP v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Belleville Catering Co. v. Champaign Mkt. Place, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000)). "For limited liability

companies whose members are also limited liability companies, the court must look to the citizenship of the member's members in order to determine citizenship." Tulsa Specialty Hospital, LLC v. Boilermakers Nat'l Health & Welfare Fund, No. 12-CV-252-GKF-FHM, 2012 WL 2887513, at *4 (N.D. Okla. July 13, 2012); see also Chart Energy & Chems., Inc., No. CIV-12-1240-M, 2013 WL 2153592, at *1.

Although the pleadings show that Defendant's sole member is KAG and that KAG is a Delaware limited liability company, the record does not disclose KAG's members or the citizenship of its members. Thus, the record is inadequate to establish the Court's diversity jurisdiction.

THEREFORE, Defendant is directed to file a statement identifying the members of KAG and the citizenship of any such members. If any of the members are limited liability companies or limited liability partnerships, the statement shall further disclose the names and citizenship of any such members. Defendant shall file the statement within 10 days of the date of this order.

IT IS SO ORDERED this 7th day of October, 2014.

ROBIN J. CAUTHRON
United States District Judge