IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY DRINNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-819-C |
| ) | |
| DRINNON CONSTRUCTION, LLC, ) | |
| a Delaware limited liability company, ) | |
| f/k/a Drinnon Construction, Inc., ) | |
| an Oklahoma corporation, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER ON REMAND

Before the Court is Plaintiff's Motion to Remand (Dkt. No. 18). Defendant filed a response (Dkt. No. 22), and Plaintiff has replied (Dkt. No. 23). The motion is now at issue.

This lawsuit arises out of a Stock Purchase Agreement (Pl.'s Br., Dkt. No. 18, Ex. 1) that was executed on December 3, 2013. Plaintiff, as sole owner of the Oklahoma corporation Drinnon Construction, Inc., sold all outstanding shares of stock to KAG Holdings, LLC ("KAG"). The Stock Purchase Agreement states that total consideration to be paid to Plaintiff "shall be up to $11 million." (Id. at 6.) As part of that consideration, KAG signed a Secured Promissory Note, promising to pay Plaintiff $6,375,000. (Pl.'s Br., Dkt. No. 18, Ex. 2.) Plaintiff and KAG also entered into a Pledge Agreement (Pl.'s Br., Dkt. No. 18, Ex. 3), which provides the remedies available to Plaintiff should a default on the promissory note occur. On March 13, 2014, Drinnon Construction, Inc., merged into Drinnon Construction, LLC, and became a Delaware limited liability company whose sole member and manager is KAG. Unaware of the merger, Plaintiff filed a Verified Petition

(Pl.'s Br., Dkt. No. 18, Ex. 5) against Drinnon Construction, Inc., on June 30, 2014, alleging breach of the Stock Purchase Agreement and requesting the immediate appointment of a receiver to take control of the corporate operations. The state district court appointed a receiver that day. (Pl.'s Br., Dkt. No. 18, Ex. 10.) Plaintiff attempted in-person service of process on Defendant through KAG via a private process server but the service of process was unsuccessful. (See Pl.'s Br., Dkt. No. 18, Ex. 9, at 2.) KAG is not a named Defendant in this case. Also on June 30, 2014, a copy of the Verified Petition and Summons was delivered via email to Kristoffer Goggans, President of KAG. (Pl.'s Br., Dkt. No. 18, Ex. 6.) On July 9, 2014, Plaintiff filed the First Amended Verified Petition (Pl.'s Br., Dkt. No. 18, Ex. 11), correctly naming Defendant as Drinnon Construction, LLC. Plaintiff reasserted the breach of contract claims and the request for immediate appointment of a receiver. The state district court appointed a receiver that day and set a show cause hearing for August 15, 2014. (Pl.'s Br., Dkt. No. 18, Ex. 12). Service on the Defendant was effected July 14, 2014. (See Notice of Removal, Dkt. No. 1, Exs. 15 & 16.) On August 4, 2014, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1332(a). (See Notice of Removal, Dkt. No. 1.) On September 8, 2014, Plaintiff filed the Motion to Remand (Dkt. No. 18), which was timely pursuant to the Court's order extending the 30-day deadline. (See Order, Dkt. No. 14.)

Plaintiff argues that this Court lacks jurisdiction because Defendant's action in filing the Notice of Removal was untimely and unauthorized. Plaintiff also notes Defendant has not clearly shown that the parties are diverse because Defendant failed to identify the

members of KAG and their citizenship in the Disclosure Statement (Dkt. No. 7). The Court shall first address the issue of diversity.

A. Diversity

Pursuant to 28 U.S.C. § 1332(a), a federal district court has original jurisdiction in a civil matter "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." The parties do not dispute that the amount in controversy exceeds $75,000. The issue before the Court is whether the parties are diverse.

When a federal court exercises subject-matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a) requires complete diversity among the parties. "No plaintiff can be a citizen of the same state as any defendant." Salt Lake Tribune Publ'g Co., LLC v. AT&T Corp., 320 F.3d 1081, 1096 (10th Cir. 2003) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978)). If complete diversity does not exist, the Court must remand. Although the Tenth Circuit has not specifically ruled on the proper method of determining citizenship of a limited liability company, every other circuit court and this Court have held that "[t]he citizenship of a limited liability company depends upon the citizenship of its members." Chart Energy & Chems., Inc. v. OGE Energy Corp., No. CIV-12-1240-M, 2013 WL 2153592, at *1 (W.D. Okla. May 17, 2013) (citing Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Gen. Tech. Applications, Inc., v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29 (8th Cir. 2004); Rolling Greens MHP v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004);

Belleville Catering Co. v. Champaign Mkt. Place, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000)). "For limited liability companies whose members are also limited liability companies, the court must look to the citizenship of the member's members in order to determine citizenship." Tulsa Specialty Hosp., LLC v. Boilermakers Nat'l Health & Welfare Fund, No. 12-CV-252-GKF-FHM, 2012 WL 2887513, at *4 (N.D. Okla. July 13, 2012); see also Chart Energy & Chems., Inc., No. CIV-12-1240-M, 2013 WL 2153592, at *1. Defendant bears the burden of establishing that the requirements of 28 U.S.C. § 1332(a) are satisfied. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

In August 2013, Defendant removed the case to this Court and filed a Disclosure Statement (Dkt. No. 7), asserting that Defendant and its sole member, KAG, are not citizens of Oklahoma. Defendant is incorporated in Delaware, and its principal place of business is Rockwell, Texas. (See id. at 1-2.) KAG is incorporated in Delaware and is located in Rockwell, Texas. (Id.) Defendant did not identify the members of KAG and their citizenship in the Disclosure Statement (Dkt. No. 7). Because "[t]he Court has a duty to determine whether jurisdiction is lacking," the Court ordered Defendant to file a statement disclosing the names and citizenship of KAG's members. (Order, Dkt. No. 24, at 2.) On October 17, 2014, Defendant filed an Amended Disclosure Statement (Dkt. No. 25), which states that KAG's sole member is Kristoffer Goggans as sole trustee of the Goggans 2014 Family Trust. Goggans resides in Texas. Plaintiff is a resident of Oklahoma; Defendant and KAG are not.

4

Thus, the parties are completely diverse, and the Court may properly exercise subject-matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

B.  Timeliness

Pursuant to 28 U.S.C. § 1446(b), a defendant must file notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  Federal courts, being courts of limited jurisdiction, must strictly enforce this 30-day time limit.  See Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005) ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals.").  Neither the Court nor the parties by agreement may extend the deadline.  Codner v. Am. Home Prods. Corp., 123 F. Supp. 2d 1272, 1274 (W.D. Okla. 2000).  Thus, if Defendant did not file the Notice of Removal within the 30-day time limit, the Court must remand.  The Court must now determine when the 30-day removal period began.

Plaintiff argues that the removal period began on June 30, 2014, which is the filing date of the original verified petition.  Plaintiff asserts that the email sent on that date to the President of KAG provided sufficient notice to Defendant that it was being sued and that the case was removable.  Defendant argues that the removal period began when it was formally served with process on July 14, 2014.  Defendant filed the Notice of Removal on August 4, 2014.  If Defendant is correct, the removal was timely.  If Plaintiff is correct, Defendant's filing was untimely and the Court must remand the case to the state district court.

Prior to 1999, the Eleventh Circuit held that the phrase "[receipt] through service or otherwise" meant Plaintiff had broad means of providing Defendant with the complaint and that Defendant's possession of the complaint was the key to triggering the removal period. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353 (1999). However, the Supreme Court in Murphy rejected that interpretation, stating that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." Id. at 350. In Murphy, the plaintiff argued that the removal period began when the defendant's vice president received a faxed courtesy copy of the complaint before service of process had occurred. The Supreme Court rejected that argument and held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 347-48. Akin to a fax, email does not constitute formal service under 18 Okla. Stat. § 441-120 and cannot trigger the removal period before formal service has occurred. Defendant asserts in the Response (Dkt. No. 22) that it was never formally served with the original verified petition, and Plaintiff has not provided sufficient facts to prove otherwise.

Thus, the removal period began on July 14, 2014, and Defendant's removal was timely.

C. Authorization

Plaintiff's most creative argument is that the Court should grant the motion to remand because Defendant had no authority file the Notice of Removal (Dkt. No. 1). Plaintiff argues that Plaintiff is the sole manager of Drinnon Construction, LLC, that Plaintiff did not approve the filing of the Notice of Removal (Dkt. No.1), and that any corporate action not authorized by its officers or managers is null. Plaintiff bases this argument on the assertion that KAG defaulted on the Secured Promissory Note (Pl.'s Br., Dkt. No. 18, Ex. 2) and that such default entitled Plaintiff to retake control of Drinnon Construction, LLC.[1] Defendant argues that Plaintiff's assertions would unjustly prevent Defendant from defending itself in this proceeding.[2]

Plaintiff's argument is circular and without merit. Plaintiff essentially asks the Court to hold that Defendant is not entitled to defend itself against Plaintiff's suit. Such a ruling would strip Defendant of its constitutional right to due process. "The Court traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances." Logan v. Zimmerman Brush Co., 455 U.S. 422, 429 (1982) (citing In Societe

---

[1] On July 14, 2014, Plaintiff sent a letter to KAG, stating that pursuant to the Pledge Agreement (Pl.'s Br., Dkt. No. 18, Ex. 3), the default under the promissory note entitled Plaintiff to retake possession of all the membership interest in Drinnon Construction, LLC. (Pl.'s Br., Dkt. No. 18, Ex. 14.) The letter also advised KAG that Plaintiff had exercised those rights to terminate all managers and other officers of Drinnon Construction, LLC and to make Plaintiff the sole manager of Drinnon Construction, LLC. (Id.) KAG responded, stating, "KAG does not recognize Mr. Drinnon's rights asserted in the letter for failure to properly assert his claims pursuant to the dispute resolution provision set forth in the Promissory Note." (Pl.'s Br., Dkt. No. 18, Ex. 15.)

[2] Defendant also argues that Plaintiff's assertions are subject to arbitration. The Court does not address the issue of arbitration as Plaintiff's argument fails on the merits.

7

Internationale v. Rogers, 357 U.S. 197 (1958)).  Access to the courts through the filing of papers is protected by due process.  See McCray v. Maryland., 456 F.2d 1, 6 (4th Cir. 1972). Plaintiff, through this lawsuit, seeks more than $2 million from Defendant as compensation for alleged breach of contract.  Defendant has a right to defend itself against Plaintiff's claims, and the Court will not strip Defendant of this right.

Accordingly, Plaintiff's Motion to Remand Pursuant to 28 U.S.C. §1447(C) (Dkt. No. 18) is DENIED.

IT IS SO ORDERED this 19th day of November, 2014.

_____
ROBIN J. CAUTHRON
United States District Judge