IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOBBY DRINNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-819-C |
| | ) | |
| DRINNON CONSTRUCTION, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| f/k/a Drinnon Construction, Inc., | ) | |
| an Oklahoma corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER ON ARBITRATION

Before the Court is Defendant's Motion to Dismiss and Compel Arbitration (Dkt. No. 6). Plaintiff responded (Dkt. No. 17). Defendant did not file a reply. The motion is now at issue.

The factual and procedural facts are set out in the Court's Order denying remand (Dkt. No. 29), entered this date, and will not be repeated here.

Defendant asserts that Plaintiff's claims in the First Amended Verified Petition fall under the arbitration clause in the Stock Purchase Agreement and that the Court should therefore compel arbitration pursuant to Federal Arbitration Act ("FAA"), §§ 1 et seq. Plaintiff argues that the Court must deny Defendant's motion because (1) Defendant's filings are unauthorized and (2) the Court lacks jurisdiction because Defendant's filing of the Notice of Removal (Dkt. No. 1) was untimely. The Court must first determine whether the Stock Purchase Agreement falls under the authority of the FAA. If it does, the Court must then determine whether the FAA requires arbitration of Plaintiff's claims.

A. Applicability of the FAA

Pursuant to 9 U.S.C. § 2, the FAA applies to contracts involving interstate commerce. Defendant, as the party seeking to apply the FAA, bears the burden of proving that the arbitration clause is a part of a transaction involving interstate commerce. Baer v. Terminix Int'l Co., Ltd. P'ship, 975 F.Supp. 1272, 1277 n.4 (D. Kan. 1997) (citing Harrison v. Nissan Motor Corp. in U.S.A., 111 F.3d 343, 348 n.8 (3d Cir. 1997)). "The court must examine the agreement, the complaint, and the facts to ascertain whether the transaction is one involving commerce within the meaning of the [FAA]." Foster v. Turley, 808 F.2d 38, 40 (10th Cir. 1986). "Commerce is defined as 'commerce among the several States.'" Id. (quoting 9 U.S.C. § 1). The interstate commerce requirement is broadly construed and requires only that some part of the transaction have a nexus to interstate commerce. See id.; see also Baer, 975 F.Supp. at 1278. When the Stock Purchase Agreement was executed, Plaintiff was an Oklahoma resident and owner of an Oklahoma construction company. KAG was a Delaware limited liability company doing business in Texas and was engaged in construction related to the oil and gas industry. The Stock Purchase Agreement states that KAG is "in good standing under the laws of each jurisdiction in which it owns or leases real property and each other jurisdiction in which the conduct of its business or the ownership of its properties requires such qualification or authorization." (Def.'s Br., Dkt. No. 6, Ex. 1, at 23.) Plaintiff does not dispute that the FAA applies. In view of the interstate payments between the parties and interstate nature of KAG's business, the Court finds the Stock Purchase Agreement falls under the authority of the FAA.

B.  Arbitration

The FAA allows "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.  The FAA requires the Court to "compel arbitration pursuant to the terms of the parties' agreement if (1) a valid, enforceable arbitration agreement exists, and (2) the asserted claims are within the scope of that agreement."  Edwards v. Blockbuster Inc., 400 F. Supp. 2d. 1305, 1309 (E.D. Okla. 2005); see also 9 U.S.C. § 4 ("The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.").  If these two elements are satisfied, the Court has no discretion and must direct the parties to proceed to arbitration.  See KPMG, LLP v. Cocchi, ___ U.S. ___, 132 S.Ct. 23, 25-26, (2011) (citing Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985)).  The FAA "creates a 'presumption in favor of arbitrability and courts must resolve all doubts' in favor of arbitration."  Edwards, 400 F. Supp. 2d at 1308-09 (citing Shankle v. B-G Maint. Mgmt. of Colo., 163 F.3d 1230, 1233 (10th Cir. 1999)); see also KPMG, LLP, ___ U.S. at ___, 123 S.Ct. at 25 (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631 (1985)) ("The Federal Arbitration Act reflects an 'emphatic federal policy in favor of arbitral dispute resolution.'").  "The party seeking to avoid arbitration bears the burden of proving that the claims are not covered, and only the

3

most forceful evidence of a purpose to exclude a claim from arbitration can prevail." Edwards, 400 F. Supp. 2d at 1310.

Plaintiff's only arguments in opposition of arbitration are that Defendant's filings are unauthorized and that the Court lacks jurisdiction over this cause of action. The Court already has considered and rejected Plaintiff's arguments in its Order denying Plaintiff's Motion to Remand. (See Order, Dkt. No. 29.). Defendant's removal was timely, and Defendant's filings in this proceeding are not unauthorized.[1] Plaintiff does not dispute the validity of the arbitration provision in the SPA, nor does Plaintiff argue that the breach of contract claims and remedy of receivership are not "disputes" falling within the scope of the arbitration clause. Thus, the Court must compel the parties to proceed to arbitration in accordance with the terms of the agreement. The Stock Purchase Agreement states that "[a]rbitration shall be the sole and exclusive remedy of the parties in connection with any Dispute or Disputes hereunder." (Def.'s Br., Dkt. No. 6, Ex. 1, at 31.) The Agreement defines a dispute as:

> . . . any action, dispute, claim or controversy of any kind, whether in contract or tort, statutory or common law, legal or equitable, arising under or in connection with, or in any way pertaining to this Agreement or any attachment

---

[1] In the Motion to Remand (Dkt. No. 18), Plaintiff asserted that a default on the Secured Promissory Note entitled Plaintiff to reacquire the equity interest in Drinnon Construction, LLC, and to appoint himself as the sole manager. Plaintiff argued that he, as sole manager, did not approve the filing of the Notice of Removal (Dkt. No.1), and that any corporate action not authorized by its officers or managers is null. The Court rejected this argument. "Plaintiff essentially asks the Court to hold that Defendant is not entitled to defend itself against Plaintiff's suit. Such a ruling would strip Defendant of its constitutional right to due process." (Order, Dkt. No. 29, at 7.)

4

> hereto or any right, obligation, term or provision hereof, involving a total disputed amount or claim(s) equal to or greater than $25,000.00 . . . that cannot be reconciled by the parties as provided herein.

Plaintiff's breach of contract claim is clearly a "dispute" subject to arbitration.

What is unclear to the Court is whether the issue of receivership should also be sent to arbitration. Pursuant to 12 Okla. Stat. § 1551 and 18 Okla. Stat. § 1106, the state district court appointed a receiver to take control of Defendant and its assets and scheduled a show cause hearing for August 15, 2014, to provide Defendant with the opportunity to oppose the receivership. (Pl.'s Resp., Dkt. No. 17, Ex. 12.) The show cause hearing never occurred because Defendant removed the action to this Court on August 4, 2014. Upon removal, the receivership remained in effect and came under the authority of this Court. See Coyle v. Skirvin, 124 F.2d 934, 937 (10th Cir. 1942) ("Upon removal of a cause to a Federal Court, a state court's order appointing a receiver and the powers conferred thereby, remain in full force and effect until the order is dissolved or modified by the Federal Court."). Defendant argues that the remedy of receivership is subject to arbitration but does not provide any supporting case law specific to the issue. Plaintiff argues that even if the Court enforces the arbitration clause, the receivership should remain in place to protect Plaintiff and the remaining creditors of Defendant. However, Plaintiff also does not provide any supporting case law. Therefore, the Court orders the parties to submit further briefing on the issue of the receivership and declines to submit the receivership to arbitration at this time.

C. Dismissal

Although the Court finds that Plaintiff's breach of contract claim must be submitted to arbitration, the Court will not dismiss Plaintiff's cause of action or the breach of contract claim as the Defendant requests. The FAA states that the Court "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties *stay* the trial of action until such arbitration has been had." 9 U.S.C. § 3 (emphasis added).

Accordingly, Plaintiff's Motion to Dismiss and Compel Arbitration (Dkt. No. 6) is GRANTED IN PART and DENIED IN PART. The Court orders the parties to arbitrate Plaintiff's breach of contract claim in accordance with the terms set out in the Stock Purchase Agreement. The Court further orders any party dissatisfied with the retention of the existing receivership in this Court to file an appropriate brief within 14 days.

IT IS SO ORDERED this 19th day of November, 2014.

ROBIN J. CAUTHRON
United States District Judge