IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY DRINNON,<br><br>    Plaintiff,<br>v.<br><br>Drinnon Construction, LLC a Delaware limited liability company, f/k/a Drinnon Construction, Inc., an Oklahoma corporation,<br>    Defendant,<br><br>Chris and Tracy Stout<br>d/b/a Stout's Welding<br>    Intervenor. | Case No. 14-CV-00819<br>Honorable Robin J. Cauthron |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: May 7, 2015

Appearing for Plaintiff: Larry G. Ball and Tami J. Hines

Appearing for Defendant: John E. Vitali and Amber M. Brock

Appearing for Receiver: Michael A. Rubenstein

Appearing for Plaintiffs in Intervention: Luke Adams

**Jury Trial Demanded ☐  -  Non-Jury Trial X**

1. **BRIEF PRELIMINARY STATEMENT**.

Plaintiff and Defendant entered into a Stock Purchase Agreement (SPA) on or around December 3, 2014, in which KAG Holdings, LLC, a Delaware Limited Liability Company ("KAG") agreed to purchase Plaintiff's interest in the Defendant and to pay Plaintiff (a) $1,875,000.00, (b) $1,500,000.00 one-hundred and eighty days past closing, and (c) a promissory note in the remaining amount of $6,375,000.00. KAG failed to pay Plaintiff $1,500,000.00 when it became due. Plaintiff alleges that Defendant, in addition

to KAG, is responsible for the $1,500,000.00 payment. In addition to the outstanding amounts owed to Plaintiff on the SPA, Plaintiff has personally paid certain debts of the Defendant in an effort to continue Defendant's operations. Defendant has failed to repay these amounts to Plaintiff. Defendant has also failed to pay numerous other debts owed to third parties when they became due. Plaintiffs in Intervention, Chris and Tracy Stout d/b/a Stout's Welding, are one such third party and allege that Defendant has breached its contract with Plaintiffs in Intervention and owes them $420.816.45 for materials and labor. As a result of debts owed by Defendant and Defendant's dire financial state, a receiver was appointed. Currently, the parties are involved in ongoing arbitration as ordered by this Court.

2. **JURISDICTION**.

The parties are completely diverse, and the amount in controversy exceeds $75,000.00. There are no known disputes regarding jurisdiction.

3. **STIPULATED FACTS**.

1. Plaintiff is an individual who resides in Beckham County, Oklahoma
2. Defendant is a Delaware Limited Liability Company not registered to do business in the State of Oklahoma. Defendant is the surviving entity of a March 2014 merger with Drinnon Construction, Inc., an Oklahoma Corporation.
3. Defendant was in the construction business in which Defendant primarily engaged in construction related to the oil and gas industry.
4. Plaintiff was the owner and operator of the Defendant, Drinnon Construction, Inc., until December 2013 when he sold the stock in the business to KAG. KAG is the sole member of the Defendant, and was responsible for merging Drinnon Construction, Inc. into the Defendant.
5. Plaintiff's sale of his stock in Defendant to KAG was memorialized in a Stock Purchase Agreement ("SPA") among Plaintiff, KAG and Defendant dated

December 3, 2013.

6. As part of the SPA, KAG agreed to pay the Plaintiff a total of $11,000,000.00 as follows: (a) $1,875,000.00 at closing, (b) $1,500,000.00 one hundred and eighty days after closing, (c) assumption of $1,250,000.00 in debt and (d) a promissory note in the amount of $6,375,000.00 for the remaining amount.

7. Plaintiff was not paid the $1,500,000.00 post-closing payment when it became due 180 days after the closing of the SPA.

8. Defendant has failed to pay other debts owed to Plaintiff.

9. Defendant also has failed to pay numerous other third-party debts of the company when those debts became due including the debt to Plaintiffs in Intervention.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>:

Deadline for the $1,500,000.00 due under the terms of the SPA has passed and that amount remains due and owing by Defendant and KAG to Plaintiff. Plaintiff paid numerous other debts on behalf of Defendant in an effort to continue operations of the Defendant and Defendant is obligated to reimburse Plaintiff for those amounts.

   b. <u>Plaintiffs in Intervention</u>:

Plaintiffs in Intervention provided materials and labor to Defendant in the amount of $420.816.45 and Defendant failed to pay said debt when it became due. Defendant is obligated to pay this debt

   c. <u>Defendant</u>:

The Defendant does not have any affirmative claims against Plaintiff at this time but denies it is responsible to Plaintiff under the SPA or related deal documents. Defendant believes its claims will be decided in arbitration as to Plaintiff and KAG.

d.  Receiver:

The Receiver has collected funds and is attempting to collect other funds owed to Defendant Drinnon Construction, Inc. Pursuant to a recent order from the Court, the Receiver has posted a $50,000.00 bond in this case. Receiver has presented multiple reports to this Court concerning Receiver's activity. Receiver is currently pursuing claims in Rockwall County (Texas) District Court against KAG and its principals based on fraudulent transfers and breach of fiduciary duty. Receiver is processing proof of claims from creditors of Drinnon Construction, Inc. and has commenced distributions out of the receivership estate. Receiver is not a party in the arbitration between Plaintiff and Defendants.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
   □ Yes  □ No  X N/A

6. **MOTIONS PENDING AND/OR ANTICIPATED**

   N/A

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  □ Yes   □ No   X N/A
   If "no," by what date will they be made? _____

8. **PLAN FOR DISCOVERY**.

*The parties are currently involved in ongoing arbitration as ordered by the Court.*

   A.  The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on N/A.

   B.  The parties anticipate that discovery should be completed within N/A months.

   C.  In the event ADR is ordered or agreed to, what is the minimum amount of

time necessary to complete necessary discovery prior to the ADR session? N/A.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

□ Yes □ No  X N/A

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

□ Yes □ No  X N/A

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
 N/A_____

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
N/A_____

9. **ESTIMATED TRIAL TIME**: X N/A

10. **BIFURCATION REQUESTED**:□ Yes □ No  X N/A

11. **POSSIBILITY OF SETTLEMENT**: □ Good    X Fair    □ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1)–ADR discussion:    □ Yes □ No  X N/A

    B. The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference
    X Other: Parties are currently involved in ongoing arbitration as ordered by this Court.
    ☐ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>? ☐ Yes X No

14. <u>Type of Scheduling Order Requested</u>. ☐ Standard - ☐ Specialized X N/A

 Submitted this 5th day of May.


Respectfully submitted,

s/Larry G. Ball
_____
Larry G. Ball, OBA #12205
Tami J. Hines, OBA #32014
**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone (405) 553-2828
Facsimile (405) 553-2855
Email  lball@hallestill.com
   thines@hallestill.com
***Attorneys for Plaintiff, Bobby Drinnon***

s/ John E. Vitali
---
John E. Vitali
Amber M. Brock
HORNBEEK VITALI & BRAUN, PLLC
3711 North Classen Boulevard
Oklahoma City, OK 73118
Phone: (405) 236-8600
Fax: (405) 236-8602
Email: vitali@hvblaw.com
      brock@hvblaw.com
***Attorneys for Defendants***


s/ Michael A. Rubenstein
---
Michael A. Rubenstein
Rubenstein & Pitts, PLLC
1503 E. 19th Street
Edmond, OK 73013
Phone: (405) 340-1900
Fax: (405) 340-1001
Email: mrubenstein@oklawpartnes.com
***Attorney for Receiver***

s/Luke Adams
---
Luke Adams
TISDAL & O'HARA, PLLC
814 Frisco Avenue
PO Box 1387
Clinton, OK 73601
Phone: (580) 323-3964
Fax: (580) 323-3674
Email: ladams@tisdalohara.com
***Attorney for Chris and Tracy Stout d/b/a Stout's Welding***